IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**KATE BRAVERMAN**,

        Plaintiff,

v.                                                                                              No. CIV 12-395 BB/WDS

**LPL FINANCIAL CORPORATION**, and
**ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM, SCHOENBURG, &
BIENVENU, LLP,**

        Defendants.

**MEMORANDUM OPINION**

THIS MATTER is before the Court on a motion to dismiss with prejudice filed by Defendant Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg & Bienvenue LLP ("Rothstein") on May 3, 2012. Doc. 12. Rothstein argues that the case should be dismissed based on the doctrine of res judicata. *Id.* Even though a response was due by May 21, 2012, *see* D.N.M. L.R.-Civ. 7.4(a), Plaintiff Kate Braverman failed to submit one.

This Court "treats an issue to which no timely response is made as unopposed and resolves the issue in favor of the moving party unless it would be incorrect or improper to do so." *Baumeister v. New Mexico Comm'n for the Blind*, 425 F. Supp. 2d 1250, 1268 (D.N.M. 2006); *see also* D.N.M LR-Civ 7.1(b). Having read the motion to dismiss and being informed of the relevant law, the Court will grant the motion to dismiss based on res judicata. The case is therefore dismissed with prejudice.

**Factual Background**

Plaintiff retained Sarah Bennett, a member of Rothstein, to prosecute a divorce proceeding in state court against Plaintiff's ex-husband, Alan H. Goldstein. Bennett, along with other attorneys and employees at Rothstein, represented the Plaintiff from November 2009 until July 2010.

Plaintiff then filed a lawsuit in state court against Bennett based on her representation of Plaintiff in the divorce proceedings. *See Braverman v. Bennett, et al.*, Cause No. D-101-CV-2010-03120. Plaintiff alleges claims against Bennett for legal malpractice, intentional infliction of emotional distress, breach of confidence, fraud, misrepresentation, gross negligence, and conspiracy. Doc. 12, Ex. 1, pp. 2-35 ("State Complaint"). In support of these allegations, the State Complaint alleges that Plaintiff was bi-polar and was almost incapable of functioning as a result of psychological abuse by her husband. *See* Doc. 12, Ex. 1, p. 37. Nonetheless, according to the State Complaint, Bennett was not appropriately supportive of Plaintiff's condition. Indeed, the State Complaint alleges that Bennett and a Rothstein associate's conduct was marked by a pattern of disregard for the Plaintiff's emotional condition. *Id.* at p. 7. For example, the State Complaint alleges that Bennett committed the Plaintiff to St. Vincent's Hospital, resulting in a three day "lock-up." *Id.* at p. 11. The State Complaint further alleges that Bennett improperly communicated confidential information to opposing counsel in the divorce proceeding, including telling opposing counsel that Plaintiff "was crazy." *Id.* at p. 19. Finally, the State Complaint alleges that Bennett failed to seek or modify the Temporary Domestic Order and Mutual Civil Order of Restraint ("TDO"). *Id.* at p. 5. Based on these incidents, among others, the State Complaint alleged various damages and sought compensation in excess of $100,000. *Id.* at p. 19. The case was dismissed with prejudice on July 12, 2011. Doc. 12, Ex. 2 (State District Court's Order of Dismissal of All Remaining Claims With Prejudice).

Before this Court, Plaintiff now alleges that the Rothstein firm violated the Americans with Disabilities Act, 42 U.S.C. §§ 12201, *et seq.* ("ADA") and breached its fiduciary duty to Plaintiff.  Doc. 1.  These claims are based on Bennett's representation of Plaintiff, as a member of the Rothstein Firm, during her divorce proceedings.  Not surprisingly, The Federal Complaint repeats many of the same facts alleged in the State Complaint, namely that Plaintiff was bi-polar, that the Rothstein firm represented her during the divorce proceedings, that the firm failed to seek or secure an appropriate modification to the TDO, and that the firm engaged in such failures to disorient Plaintiff and needlessly increase the amount it could charge for its services.  *Id.* at ¶¶ 24-26.  The Federal Complaint also retells the incident in which Bennett committed Plaintiff to St. Vincent's Hospital, alleging that this reflected the firm's discrimination against the Plaintiff based on her condition.  *Id.* at ¶ 27.  Finally, the Federal Complaint alleges that the firm exacerbated Plaintiff's bi-polar condition by disclosing confidential information and refusing to meet with the Plaintiff in person.  *Id.* at ¶ 29.

On May 3, 2012, Rothstein brought a motion to dismiss with prejudice.  Doc. 12.  The motion contends that Plaintiff litigated, or could have litigated, the ADA and breach of fiduciary duty claims in the prior state proceedings.  As such, Rothstein asserts that Plaintiff is barred from proceeding with this case under the doctrine of res judicata.

Plaintiff failed to submit a response to the motion to dismiss.  Rather, Plaintiff filed her own motion to dismiss the claims against Rothstein *without* prejudice.  Doc. 23.  Rothstein opposed the motion and submitted a response arguing that the case should be dismissed *with* prejudice.  Doc. 25.  In support of dismissal with prejudice, Rothstein cited the mounting number of cases filed by Plaintiff in both state and federal court.  *Id.* at pp. 3-7 (summarizing the six cases filed by Plaintiff).

**Standard of Review**

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A motion to dismiss based on a preclusion doctrine, such as res judicata, is governed by the same standard as a Rule 12(b)(6) motion to dismiss.  *See Nichols v. Danley*, 266 F. Supp. 2d 1310, 1312 (D.N.M. 2003).  Under New Mexico law, to establish preclusion based on res judicata, a defendant must show "with clarity and certainty" that the elements of res judicata are satisfied. *State ex rel. Martinez v. Kerr–McGee Corp.*, 898 P.2d 1256, 1260 (N.M. App. 1995).[1]

**Analysis**

Res judicata prevents a party or its privies from repeatedly suing another for the same cause of action.  *See Three Rivers Land Co. v. Maddoux*, 652 P.2d 240, 244 (N.M. 1982), *overruled on other grounds by Universal Life Church v. Coxon*, 728 P.2d 467, 469 (1986).  The doctrine bars the relitigation of claims that were, or could have been, raised in the prior litigation.  *See Kerr-McGee Corp.*, 898 P.2d at 1259.  Under New Mexico law, a claim is barred by res judicata when four elements are met: "(1) identity of parties or privies, (2) identity of capacity or character of persons for or against whom the claim is made, (3) same cause of action, and (4) same subject matter." *Three Rivers Land Co.*, 652 P.2d at 244.  Here, Rothstein has established all four elements necessary for res judicata to bar the instant case.

---

[1] Because the first final judgment in this case came from New Mexico state court, *see* Doc. 12, Ex. 2 (State District Court's Order of Dismissal of All Remaining Claims With Prejudice), this Court looks to the law of New Mexico to guide its res judicata analysis.  *See* 28 U.S.C. § 1738 (State and Territorial statutes and judicial proceedings; full faith and credit); *Gonzales v. Hernandez*, 175 F.3d 1202, 1204 (10th Cir. 1999).

First, there is no question that the same party, Braverman, brought both the State and Federal Complaints. While the State Complaint identifies Bennett as a defendant in her capacity as an attorney at Rothstein, the Federal Complaint identifies the Rothstein Firm as a defendant. Thus, there is a slight difference with respect to the named defendant in each proceeding. This is, however, a distinction without a difference. An analysis of the facts reveals that Bennett and Rothstein are parties in privity for the purposes of res judicata. *See Deflon v. Sawyers*, 137 P.3d 577, 580 (N.M. 2006) (determining whether parties are in privity for purposes of res judicata requires a case-by-case analysis). According to the State Complaint, Plaintiff hired the Rothstein Firm, and in particular Bennett, a renowned attorney at the firm. Bennett thus acted as an agent or attorney of the Rothstein Firm. *Dotson v. Grice*, 647 P.2d 409, 412 (N.M. 1982) ("every partner is the agent of the partnership for the purpose of its business"); *see also* NMSA 1978, § 54–1A–301. Furthermore, the claims in the state court proceeding were brought against Bennett in her official capacity as an agent for her firm, Rothstein. Thus, it is apparent that Bennett and her law firm are really and substantially in interest the same. *See Deflon*, 137 P.3d at 580 ("Privity requires, at a minimum, a substantial identity between the issues in controversy and showing that the parties in the two actions are really and substantially in interest the same."). That is, Bennett and the Rothstein firm are in privity.

Second, there is an identity of capacity between the persons in the state and federal proceedings. As noted above, in the state court proceeding, Bennett was sued in her official capacity as an attorney for Rothstein. In this proceeding, Rothstein is sued for the actions taken by Bennett in her capacity as an attorney for Rothstein. Importantly, in the instant proceeding, there are no allegations against Bennett in her individual capacity. *C.f. Morgan v. City of Rawlins*, 792 F.2d 975, 980 (10th Cir. 1986). Thus, there is an identity of capacity.

Third, the question regarding the identity of the causes of action is resolved by reference to *Three Rivers Land Co.*, 652 P.2d at 244.  There, the New Mexico Supreme Court adopted the Restatement (Second) of Judgments, §§ 24, 25 (1982), as a guideline for determining what constitutes a cause of action for the purposes of res judicata.  *Id.* at 245.  Section 24(1) of the Restatement operates to bar "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose."  Restatement (Second) of Judgments § 24(1).  In determining whether claims arise out of the same transaction, New Mexico courts consider the relatedness of the facts, trial convenience, and the parties' expectations.  *Anaya v. City of Albuquerque*, 924 P.2d 735, 739 (N.M. App. 1996) (summarizing factors to be considered).

Here, the significant operative facts overlap with respect to substance and time.  Both complaints concern Rothstein's representation of the Plaintiff during her divorce proceedings.  Moreover, both complaints allege Plaintiff's bi-polar condition and her fragile psychological state.  Finally, both complaints identify the same events, such as Bennett's sharing of confidential information with opposing counsel, commitment of Plaintiff to St. Vincent's hospital, and failure to modify the TDO.  Given this factual overlap, both cases have formed a convenient trial unit.  Thus, the Plaintiff had reason to expect that the additional claims in this case would have been precluded by the prior litigation.  Based on the transaction test set forth in Section 24(1) of the Restatement and the factors sumarized in *Anaya*, 924 P.2d at 739, the Court concludes that both cases involve an identity of causes of action.

Finally, the fourth element for res judicata is met given that both proceedings involve Rothstein's representation of the Plaintiff during the divorce proceedings.

Ultimately then, the only difference between the state and federal proceedings is the legal

theory asserted.  But, that is not a sufficient reason to bar the application of res judicata.  See Restatement (Second) of Judgments § 25 (extinguishing the plaintiff's claim in the second action despite the presentation of theories not asserted in the first action).  Plaintiff could have brought her ADA and breach of fiduciary duty claims in the state proceedings.  *See City of Sunland Park v. Macias*, 75 P.3d 816 ("Res judicata bars not only claims that were raised in the prior proceeding, but also claims that could have been raised."); Restatement (Second) of Judgments § 25 cmt. d; 5 Restatement (Second) of Judgments § 24 cmt. c ("That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims.").  This is particularly true given that the state and federal courts exercise concurrent jurisdiction over Plaintiff's ADA claims.  *See Weaver v. New Mexico Human Services Dept.*, 945 P.2d 70, 71(N.M. 1997); *Braverman v. New Mexico*, 2011 WL 6013587, at * 19 (D.N.M. Oct. 19, 2011).  The Court thus concludes that Rothstein has established all four elements of res judicata with clarity and certainty.  The Court will therefore grant the motion to dismiss the case with prejudice.

Dated this 6th day of June, 2012.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE